In 1925, one Albert Israel and his wife executed and delivered to Hyman S. Lichtenstein a mortgage for $20,000 upon property located in the city of Camden. In January, 1926, Lichtenstein assigned this mortgage to the Broadway Trust Company as a collateral security for a loan of some $27,000. In April, 1929, Lichtenstein filed a bill to foreclose this mortgage, although he had never satisfied his indebtedness to the Broadway Trust Company, and although it still held the mortgage as the assignee thereof. For some reason, he failed to make the trust company a party to the foreclosure suit, but, when it learned of the pendency thereof, it applied to the chancellor to be admitted as a party defendant to the litigation, and that application was granted. Subsequently a decree pro confesso was taken against the mortgagor and a receiver of the premises was appointed. In due course the case was referred to a master to ascertain the amount due to certain of the defendants upon the various liens held by them, and the master, after a consideration of the testimony submitted to him, reported, among other things, that there was due upon this mortgage given to Lichtenstein, and assigned by him to the trust company, the sum of $20,800; and that the trust company, as Lichtenstein's assignee, was entitled to the moneys ascertained to be due upon the mortgage. Pursuant to this report, a final decree was entered directing the sale of the mortgaged premises to raise and satisfy the amounts due to the various lien claimants who were parties defendant, and that out of the proceeds of such sale the trust company should be first paid the amount due to it upon the mortgage, with its costs to be taxed. The property was sold by the sheriff of Camden county under a fieri facias, and was bought in by the trust company. On application for that purpose, the sheriff's sale was confirmed by the court of chancery, and thereupon the receiver reported the amount *Page 533 
which he had collected as rents, and stated in his report that, after the payment of the expenses, c., of the receivership, there remained in his hands for distribution the sum of $1,352.17. Thereupon Lichtenstein filed a petition praying that the receiver be directed to pay this surplus to him. As has already been pointed out, it was adjudged by the final decree that the amount due on the mortgage belonged, not to Lichtenstein, but to the trust company, and that the sum produced at the sheriff's sale should be paid to the latter and not to Lichtenstein. No appeal was taken from this decree by Lichtenstein, and it, consequently, is res adjudicata that the mortgage debt was payable to the trust company and not to him. The purchase-money at the sheriff's sale was insufficient to satisfy the debt due to the trust company, and it consequently follows as a necessary result that the moneys in the hands of the receiver should ordinarily be appropriated to the reduction of that debt, and should not be paid to Lichtenstein, its assignor. Conceding that this is the ordinary rule, it was claimed by Lichtenstein at the hearing before the vice-chancellor had upon his petition that subsequent to the sheriff's sale a contract was entered into between himself and the trust company, the effect of which was to transfer to him any right the trust company may have had to the funds in the hands of the receiver, and that, therefore, his petition should be granted. The vice-chancellor found that this claim was not supported by a preponderance of the evidence, and for this reason advised an order denying Lichtenstein's application for the payment to him of the funds in the hands of the receiver. Our examination of the proofs leads us to the conclusion that the vice-chancellor was justified in so finding.
The order under review will be affirmed.
For affirmance — THE CHIEF-JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 13.
For reversal — None. *Page 534